# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                   )
LOUIS SAUNDERS, JR.,             )
                                   )
               Petitioner,     )
      v.                           )     Civil Action No. 13-1996 (TSC)
                                   )
UNITED STATES OF AMERICA,   )
                                   )
               Respondent.    )
_____ )

## MEMORANDUM OPINION

        This matter is before the Court on the Motion for a Writ of Habeas Corpus, which the

Court construes as a *pro se* petition for a writ of habeas corpus. For the reasons discussed below,

the petition will be denied.

## I. BACKGROUND

        According to the Information filed in the Superior Court of the District of Columbia:

> Louis Saunders . . . , with the intent to kill another and to inflict
> serious bodily injury on another and with a conscious disregard of
> an extreme risk of death or serious bodily injury to another, caused
> the death of William Otis Smith, by shooting him with a pistol . . . ,
> thereby causing injuries from which . . . Smith died on or about
> July 3, 1996.

United States' Response to Petitioner's Motion for a Writ of Habeas Corpus ("Resp't's Opp'n),

Ex. A (Information, *United States v. Saunders*, Crim. No. F-5814-96 (D.C. Super. Ct. Oct. 10,

1996)). The petitioner, who was represented by counsel, waived his right to a jury trial and pled

guilty to second degree murder. *See* Petition ("Pet.") at 3; *see id.*, Exs F-G. (Waiver of Trial by

Jury dated October 9, 1996, and Judgment and Commitment Order dated December 6, 1996, respectively). The Superior Court imposed a prison sentence of 20 years to life. *Id.*, Ex. G.

Although the petitioner did not appeal his conviction or sentence to the District of Columbia Court of Appeals, *see* Resp't's Opp'n at 2 n.2, he did seek relief in the Superior Court. His first attempt, titled Petitioner's Writ of Habeas Corpus Pursuant to the D.C. Code § 23-110, was dismissed without prejudice:

> The Writ of Habeas Corpus was filed by Milton Joseph Taylor as "Attorney for Petitioner." In the body of his pleading, however, Mr. Taylor notes that he is not a licensed attorney. Given that Mr. Taylor is not an attorney and Mr. Saunders, Jr. did not sign the pleading as *pro se*, this Court cannot rule on this Writ of Habeas Corpus.

*Id.*, Ex. C (Order, *United States v. Saunders*, Crim. No. F-5814-96 (D.C. Super. Ct. filed Oct. 27, 2005)).[1] The petitioner's second attempt, a Motion to Reconsider and Grant the Defendant's Filed D.C. Code § 23-110, also was denied. The Superior Court noted that the motion failed to present an argument "that warrants any change in the October 21, 2005 Order dismissing the petition filed by Milton J. Taylor." *Id.*, Ex. D (Order, *United States v. Saunders*, Crim. No. F-5814-96 (D.C. Super. Ct. filed Nov. 3, 2005)). The plaintiff was no more successful with his last two attempts. On July 20, 2006, the petitioner filed "Petitioner's Writ of Habeas Corpus Pursuant to D.C. Code § 23-110," and on January 24, 2012, he filed a "Motion for a Writ of

---

[1] The Court notes that Milton Joseph Taylor, who describes himself as "PRO BONO COUNSEL FOR ALL D.C. CODE INMATES," Pet. at 19 (emphasis in original), is neither a licensed attorney nor a member of the bar of this Court. *See Leach v. U.S. Parole Comm'n*, 522 F. Supp. 2d 250, 250 n.1 (D.D.C. 2007) ("Contrary to petitioner's claim, Mr. Taylor is not licensed to practice law in this Court but, like petitioner, is a *pro se* litigant."). He does not represent the petitioner in this case. The Court presumes that the signature on the petition is that of the petitioner himself, and therefore treats the petition as if it were filed *pro se* by Louis Saunders, Jr.

Habeas Corpus." *Id.*, Ex. E (Order, *United States v. Saunders*, Crim. No. F-5814-96 (D.C. Super. Ct. filed Aug. 15, 2012)) at 1. The Superior Court denied both motions. *Id.*, Ex. E at 9.

## II. DISCUSSION

The petitioner brings this action under 28 U.S.C. § 2254. *See* Pet. at 2. Generally, the petitioner alleges myriad errors on the part of the Superior Court and trial counsel. For example, the petitioner asserts that the Superior Court failed to entertain his prior petitions for relief under § 23-110 on the merits, *see id.* at 1-2, denied him an opportunity to raise an ineffective assistance of trial counsel claim, *id.*, accepted a coerced guilty plea and deprived him of his right to a jury trial, *see id.* at 4, 8, imposed a sentence in excess of that authorized by law, *see id.* at 12, and unlawfully delegated to the United States Parole Commission the authority to determine the date and terms of his release from confinement, *see id.* at 13, 16-18. He asks that this Court "vacate his conviction, sentence and parole term, vacate his void judgment and . . . release him from an unlawful confinement," *id.* at 19 (emphasis removed); *see id.* at 1.

Under 28 U.S.C. § 2254, a federal district court is authorized to issue a writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court" if he "is in custody in violation of the Constitution or laws . . . of the United States," *id.* § 2254(a). For purposes of § 2254, the local courts of the District of Columbia are treated like state courts. *See Milhouse v. Levi*, 548 F.2d 357, 360 n.6 (D.C. Cir. 1976). A District of Columbia offender, however, faces a distinct hurdle: because he has been convicted in and sentenced by the Superior Court, a challenge to his sentence must be raised by motion under D.C. Code § 23-110(a) in the Superior Court. *See, e.g., Ibrahim v. United States*, 661 F.3d 1141, 1142 (D.C. Cir. 2011); *Gorbey v. United States*, __ F. Supp. 2d __, __, 2014 WL 3512850, at *2-3 (D.D.C. July 17, 2014).

"Under D.C. Code § 23-110, a prisoner may seek to vacate, set aside, or correct sentence on any of four grounds: (1) the sentence is unconstitutional or illegal; (2) the Superior Court did not have jurisdiction to impose the sentence; (3) the sentence exceeded the maximum authorized by law; or (4) the sentence is subject to collateral attack." *Alston v. United States*, 590 A.2d 511, 513 (D.C. 1991). Such a motion "shall not be entertained . . . by any Federal . . . court if it appears that the applicant has failed to make a motion for relief under this section or that the Superior Court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." D.C. Code § 23-110(g); *see Williams v. Martinez*, 586 F.3d 995, 998 (D.C. Cir. 2009) ("Section 23-110(g)'s plain language makes clear that it only divests federal courts of jurisdiction to hear habeas petitions by prisoners who could have raised viable claims pursuant to section 23-110(a)."), *cert. denied*, 559 U.S. 1042 (2010). Hence, this federal district court has jurisdiction only over "those claims that could [not] have been raised [under §] 23-110." *Williams*, 586 F.3d at 999 (quoting *Blair-Bey v. Quick*, 151 F.3d 1036, 1043 (D.C. Cir. 1998)); *see Ibrahim*, 661 F.3d at 1142 (stating that "the availability of relief by motion under § 23-110 typically precludes the challenger from seeking habeas relief in federal court").

The petitioner's claims arise from alleged trial errors, and each could have been raised in the Superior Court by motion under § 23-110. An ineffective assistance of trial counsel claim, for example, is cognizable under § 23-110, *see Coleman v. Ives*, 841 F. Supp. 2d 333, 335 (D.D.C. 2012), as are claims arising from alleged prosecutorial misconduct and imposition of an illegal sentence, *see Johnson v. Stansberry*, No. 10-0178, 2010 WL 358521, at *1 (D.D.C. Jan. 29, 2010). The petitioner's disagreement with the Superior Court's rulings on prior motions, *see, e.g., Waters v. Lockett*, 956 F. Supp. 2d 109, 112 (D.D.C. 2013), and the "mere denial of relief"

by the Superior Court, *Chew v. Ives*, No. 11-1210, 2012 WL 1597376, at *2 (D.D.C. May 7, 2012), do not establish that his local remedy is inadequate or ineffective. Furthermore, this Court is without the authority to review or overturn a judgment of the Superior Court. *See, e.g., Stewart v. United States*, No. 14-0245, 2014 WL 667362, at *1 (D.D.C. Feb. 28, 2014). Such matters are properly presented to the District of Columbia Court of Appeals. *See* D.C. Code § 11-721(a)(1) ("The District of Columbia Court of Appeals has jurisdiction of appeals from . . . all final orders and judgments of the Superior Court of the District of Columbia."); *Spencer v. United States*, 806 F. Supp. 2d 209, 213 (D.D.C. 2011) (stating that, where the petitioner's "allegations of error by the Superior Court properly were raised in and decided by the Court of Appeals, . . . this Court is without jurisdiction to review or overturn these rulings").

The petitioner fares no better with his challenge to the Parole Commission's authority. "[T]he jurisdiction and authority . . . to grant and deny parole . . . [to] any felon who is eligible for parole . . . under the District of Columbia Code" rests with the Parole Commission. *Franklin v. Dist. of Columbia*, 163 F.3d 625, 632 (D.C. Cir. 1998). The Parole Commission cannot impose a criminal sentence; this authority rests with the Superior Court of the District of Columbia. *See* D.C. Code § 11-923(b) (granting jurisdiction to Superior Court over any criminal case under District of Columbia law). The statutes under which the Parole Commission operates "govern the execution of a judicially imposed sentence," *Moore v. U.S. Parole Comm'n*, No. 10-1987, 2011 WL 550003, at *1 (D.D.C. Feb. 10, 2011), and thus proceedings pertaining to parole are not part of a criminal prosecution, *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972). Rather, such proceedings are separate administrative matters "at which the parolee does not possess the same rights as a criminal defendant at trial." *Maddox v. Elzie,* 238 F.3d 437, 445 (D.C. Cir. 2001). Hence, if the Parole Commission were to act on the petitioner's application, it would not

"usurp a judicial function" by "act[ing] 'pursuant to the parole laws and regulations of the District of Columbia.'" *Thompson v. District of Columbia Dep't of Corr.*, 511 F. Supp. 2d 111, 114 (D.D.C. 2007) (quoting D.C. Code § 24-131(c)). Nor would any Parole Commission action run afoul of the constitutional prohibition against double jeopardy. *See Maddox*, 238 F.3d at 447; *Crowe v. Johnston*, No. 11-2019, 2011 WL 5970881, at *1 (D.D.C. Nov. 29, 2011) ("[I]t is established that jeopardy does not attach in probation or parole revocation proceedings because they are not new criminal prosecutions but rather continuations of the original prosecutions which resulted in probation or parole." (citation and internal quotation marks omitted)).

## III. CONCLUSION

The Court will deny the petition for a writ of habeas corpus for lack of subject matter jurisdiction.[2] An Order is issued separately.


DATE:  October 30, 2014                    /s/
                                           TANYA S. CHUTKAN
                                           United States District Judge

---

[2]  This Court may not entertain the petitioner's demand for his immediate release from custody either.  The proper respondent in a habeas corpus action is the petitioner's warden, *Rumsfeld v. Padilla*, 542 U.S. 426, 434-35 (2004); *Blair-Bey v. Quick*, 151 F.3d 1036, 1039 (D.C. Cir. 1998) (citing *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 810 (D.C. Cir. 1988)), who in this case is the Warden of the Hazelton United States Penitentiary in Bruceton Mills, West Virginia.  This "district court may not entertain a habeas petition involving present physical custody unless the respondent custodian is within its territorial jurisdiction."  *Stokes v. U.S. Parole Comm'n*, 374 F.3d 1235, 1239 (D.C. Cir. 2004).